IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

LUCKY JANE, LLC,
d/b/a LUCKY JANE MARKET,

Plaintiff,

v.

UNITED STATES OF AMERICA,

Defendant.

ORDER

25-cv-573-jdp

---

Plaintiff Lucky Jane LLC, a Janesville grocery store, seeks judicial review under 7 U.S.C. § 2023(a)(13) of a decision by the United States Department of Agriculture to permanently disqualify the store from participating in the Supplemental Nutrition Assistance Program, commonly known as SNAP. The government moves to dismiss for failure to state a claim, contending that its decision was authorized under 7 C.F.R. § 278.1(b)(3)(i)(B) and (k)(3)(i) because Lucky Jane's owner, Sachin Patel, has a conviction for sales tax evasion.

In its opposition brief, Lucky Jane asserts two legal theories it had not flagged in its complaint. First, it says that 7 C.F.R. § 278.1(b)(3)(i) exceeds the agency's statutory authority, so that is not a valid basis for disqualifying a SNAP participant. Second, Lucky Jane says that the agency's decision is barred by claim and issue preclusion because the agency had previously issued a more favorable decision to Lucky Jane.

The government's response to Lucky Jane's arguments on these issues is that Lucky Jane forfeited them by failing to raise them in the complaint. This is a fair point. Lucky Jane offers no reason for failing to include these grounds for challenging the agency's decision in its complaint. But the issues Lucky Jane wants to assert are discrete legal questions. The general

rule in this circuit is that plaintiffs are not required to identify legal theories in the complaint. *King v. Kramer*, 763 F.3d 635, at 642 (7th Cir. 2014).

The only authority the government cites for finding forfeiture is *Agnew v. National Collegiate Athletic Association*, 683 F.3d 328, 348 (7th Cir. 2012), in which the court stated that a plaintiff may not amend its complaint in an opposition brief. Other cases suggest the opposite.[1] But even if *Agnew* stated the law correctly, it is consistent with *King*. *Agnew* says that a plaintiff cannot allege new facts; *King* says that a plaintiff does not have to plead law. Again, Lucky Jane is asking to assert new legal theories, not new facts, so *Agnew* does not apply.

The court acknowledges that the summary judgment deadline is not far off, so allowing an additional round of briefing could jeopardize that deadline. But based on the parties' briefs, the court should be able to resolve the case without additional factual development. So the court will treat the motion to dismiss as cross motions for summary judgment unless the parties object.

ORDER

IT IS ORDERED that the parties may have until October 20, 2026, to object to the court treating the motion to dismiss as cross motions for summary judgment. The government

[1] *Smith v. Dart*, 803 F.3d 304, 311 (7th Cir. 2015) ("[F]acts alleged by a plaintiff in a brief in opposition to a motion to dismiss "may be considered when evaluating the sufficiency of a complaint so long as they are consistent of the allegations in the complaint.") (internal quotation marks omitted); *Smith v. Boyle*, 144 F.3d 1060, 1064–65 (7th Cir. 1998) ("A plaintiff is not held to the factual allegations of his complaint when he is faced with a motion to dismiss it for failure to state a claim."). The court of appeals has acknowledged the tension in the case law, but has not resolved it. *See Marion Diagnostic Ctr., LLC v. Becton Dickinson & Co.*, 29 F.4th 337, 341 (7th Cir. 2022).

may submit a supplemental brief by November 3, 2026, addressing the merits of Lucky Jane's new legal theories. Lucky Jane may file a reply brief by November 13, 2026.

Entered October 13, 2026.

BY THE COURT:

/s/

JAMES D. PETERSON
District Judge